**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0626, <u>J.M. v. V.P.</u>, the court on April 10, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff appeals an order of the Circuit Court (<u>Tenney</u>, J.), following a hearing, denying a domestic violence final order of protection in favor of the plaintiff, and dismissing the case. <u>See</u> RSA 173-B:5 (2022). The plaintiff argues that, by crediting the defendant's version of events, rather than crediting the contrary evidence adduced by the plaintiff, the trial court did not "adequately adjudicate[]" the case, and erred when it found that the defendant did not pose a credible present threat to the plaintiff. <u>See</u> RSA 173-B:1, I (2022). We affirm.

"In an appeal from an order on a domestic violence petition, the trial court's 'findings of facts shall be final,' and we undertake <u>de novo</u> review of 'questions of law.'" <u>S.C. v. G.C.</u>, 175 N.H. 158, 162 (2022) (quoting RSA 173-B:3, VI). "We review sufficiency of the evidence claims as a matter of law, upholding the findings and rulings of the trial court unless they are lacking in evidentiary support or tainted by error of law." <u>Id</u>. "When performing this review, we accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony." <u>Id</u>. at 162-63. We view the evidence in the light most favorable to the prevailing party — here, the defendant. <u>See</u> <u>id</u>. at 163.

In this case, the plaintiff has failed to provide this court with a transcript of the hearing. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004) (holding that "[i]t is the burden of the appealing party . . . to provide this court with a record sufficient to decide [the] issues on appeal"). Accordingly, absent a transcript of the hearing, and in light of our deferential standard of review, "we must assume that the evidence was sufficient to support the result reached by the trial court." <u>Id</u>.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**